JARBOE, &c.
vs
SPAULDING.

---

CHANCERY.

Case 112.

June 19.

The case stated.

## Jarboe, &c. vs Spaulding.

### APPEAL FROM THE MARION CIRCUIT.

#### Wills. Devisees. Mortgages. Jurisdiction.

JUDGE BRECK delivered the opinion of the Court.

WALTER JARBOE, by his last will and testament, devised to his wife, during her life or widowhood, all his estate, consisting of land, slaves and personalty, to enable her to afford a home, to raise and educate his children. At the death or marriage of his wife, he directs all his estate to be sold, and the proceeds to be equally

divided among all his children, but in the event his wife should die or marry before his younger children are educated, he provides that a sum be retained out of the proceeds of his estate, sufficient for their education. He finally provides that his wife, in no event, is to be deprived of her thirds in his estate.

James Jarboe, one of the children of the testator, mortgaged his interest in the land and slaves belonging to his father's estate, to Spaulding, to indemnify him as his surety in a note for about $200. Spaulding having been compelled to pay about one hundred and fifty dollars of the surety debt, exhibited his bill for a foreclosure and a sale of the interest transferred by the mortgage. The testator left nine children, all of whom, together with the widow, were made parties. The Chancellor decreed a sale of the interest of the mortgagor, in the land and slaves of his father, or so much thereof as would discharge the complainant's demand and costs. From that decree the defendants have appealed to this Court.

The main question for consideration is, whether the interest conveyed by the mortgage was such as to authorize the Chancellor to subject it to sale.

It is manifest the mortgagor has no interest in the land and slaves, except what he derives under the will of his father, which gives him one ninth part of the proceeds of the sale thereof, upon the termination of the particular estate devised to his mother. In view of the whole will, his interest is a vested interest and not contingent upon his living at the time the will directs a conversion of the property. It is a devise of money and not of land and slaves, or property. The testator has impressed upon it that character, and the children take under it in that way: (2 *Powell on Devises*, 60 *and* 63.) The interest of the mortgagor being, therefore, in effect a pecuniary legacy, entirely uncertain in amount, and also as to the time when demandable, ought a Court of Equity to subject it to sale? We think not. A doubt can hardly exist, that the sale would be made at a ruinous sacrifice. But a still stronger objection is, that a decretal sale of such an interest would be introducing a new principle into our chancery practice. The interest may be assimilated to a

The Chancellor will not decree the sale of an interest, though vested, of a devisee in an estate consisting of land, slaves and personal estate, which by the will is to be sold on the happening of a certain event, and the proceeds divided between several persons, until the event occurs.

chose in action, which it has not hitherto been the practice of Courts of Equity in Kentucky, when under their control, by attachment or otherwise, to subject to sale. The debtor or person in whose hands funds have been attached, has been decreed to pay over the same directly to the attaching creditor, or a receiver has been appointed to collect and pay over as the Chancellor might direct. That practice was recognized and sanctioned by this Court in the *Winchester and Lexington Turnpike Road Company* vs *Vimont*, (5 *B. Monroe*, 1.) A sale in this case as decreed, would virtually be a departure from it, which we are not disposed to countenance.

The Chancellor has jurisdiction to render a decree in favor of a surety against his principal for money paid as such.

The fact that the interest has been voluntarily transferred by the mortgagor to the complainant, does not, in principle, vary the case or justify a different disposition of it by the Chancellor, than if siezed by attachment. So far, therefore, as the decree directs a sale, it is erroneous, but the Chancellor has jurisdiction of the case to render a decree in favor of the complainant as surety, against the defendant, the mortgagor, *in personam*, for complainant's demand. This the Court should have done, and dismissed the bill without prejudice, so far as it sought a foreclosure and sale of the interest embraced in the mortgage, or at the instance of the complainant, have retained and continued it till the event should happen when the interest conveyed by the mortgage would be subject to the control of the Chancellor.

The decree is, therefore, reversed, and the cause remanded for further decree as indicated.

